UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATAWNA COWAN,<br><br>                    Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY,<br><br>                    Defendant. | Case No.: 25-cv-697-RSH-BLM<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>[ECF Nos. 1, 2] |

On March 24, 2025, plaintiff Latawnya Cowan filed this civil action against defendant San Diego County (the "County"). ECF No. 1. The following day, Plaintiff filed a motion to proceed in forma pauperis ("IFP"). ECF No. 2. As set forth below, the Court grants Plaintiff's IFP application, dismisses the Complaint, and grants Plaintiff leave to file an amended complaint.

**I.    MOTION TO PROCEED IFP**

All parties instituting any civil action, suit, or proceeding in a federal district court of the United States, except on application for writ of habeas corpus, must pay a filing fee

of $405.[1] 28 U.S.C. § 1914. An action may proceed despite a plaintiff's failure to pay this fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A plaintiff seeking to proceed IFP must submit an affidavit that includes a complete statement of her assets and demonstrates her inability to pay the filing fee. 28 U.S.C. § 1915(a).

Plaintiff has submitted an affidavit that sufficiently shows she lacks the financial resources to pay filing fees. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP [ECF No. 2] pursuant to 28 U.S.C. § 1915(a).

## II.  INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

In connection with Plaintiff's IFP application, the Court must also review Plaintiff's underlying Complaint to determine whether it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "The language of section 1915(e)(2), as it applies to dismissals for failure to state a claim, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Lopez*, 203 F.3d at 1127 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

Under this standard, although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me

---

[1]  This constitutes the sum of the $350 filing fee required under 28 U.S.C. § 1914(a) and the $55 administrative fee as prescribed by the Judicial Conference of the United States. *See* 28 U.S.C. § 1914(b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).

1  accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678–79. Under Rule
2  12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a
3  claim to relief that is plausible on its face." *Id.* at 678. The Court "construe[s] pro se
4  pleadings liberally." *United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020).

Plaintiff's Complaint contains a one-page statement of her claim. The word processing software that she has used cuts off the rightmost portion of the text, such that the Court cannot read her allegations in their entirety. The Court can, however, largely surmise the missing words. The Complaint alleges that the County has "excluded Plaintiff from [its] programs, services, federal [and] state benefits, [and] housing assistance," and that it has "taken custody of her child solely bas[ed] on her disability and civil rights/ADA enforcement activities." ECF No. 1 at 2. The Complaint further alleges that [i]n retaliation for an ADA complaint filed with CA Civil Rights and US DHH[S] office for Civil Rights," the County is denying the Plaintiff participation in various programs. Plaintiff also alleges that the County's acts violate state court orders.

The Complaint raises general allegations of disability discrimination and retaliation, but does not identify a cause of action, or allege facts plausibly establishing the elements of a cause of action. As set forth above, her allegations are highly conclusory. She does not plead facts that allow the Court to determine what happened, whether the County is responsible, or whether she has a claim.

//
//
//
//
//
//
//
//
//

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), the Court **DISMISSES** the Complaint for failure to state a claim. Plaintiff is **GRANTED** leave to amend by filing an amended complaint within *thirty (30) days* of the date of this order. The amended complaint must be complete in and of itself without referring to her original pleading. If Plaintiff has not filed an amended complaint within that time period, the action will be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: April 18, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge